# BALTIMORE CITY COURT.

Filed March 26, 1919.

S. JOHNSON POE
VS.
SUPERVISORS OF ELECTIONS AND BOARD OF REGISTRY OF THE SECOND PRECINCT, ELEVENTH WARD.

*S. Johnson Poe* for petitioner.

SOPER, J.—

Major S. Johnson Poe petitions the Baltimore City Court for a writ of mandamus directed to the Board of Registry of the Second Precinct of the Eleventh Ward of Baltimore, requiring them to enter his name upon the register of voters for that precinct, in order that he may be qualified to vote at the approaching primary election on the first day of April, 1919. His name has not been upon the registration books of Baltimore City since the year 1915. There was a new registration of voters in Baltimore in the year 1916, but during that registration Major Poe was with his regiment at Eagle Pass. He returned to Baltimore in February of 1917, but in April, 1917, he was again called into the service of the United States with his regiment and has been constantly absent from the City in the service until January 20, 1919, and has, therefore, had no opportunity to appear before the Board of Registration since he first left Baltimore for Eagle Pass in June, 1916.

He claims the right to be now enrolled as a qualified voter in Baltimore under the provisions of Chapter 40 of the Acts of 1917 and Chapter 78 of the Acts of 1918.

Under Chapter 40 of the Acts of 1917, Section 30-A, it is provided that the name of no voter upon the registration books of any precinct of this City shall be stricken therefrom during his absence in the military or naval service of the United States. Section 30-B provides that whenever a new general registration is held in Baltimore City it shall be the duty of the several boards of registry to ascertain from every possible source the names of duly registered voters of the State absent in the military or naval service of the United States, and to enter the names of such persons upon the new registration books, with the same entries appearing upon the registration books last prepared or revised.

When this act was passed Major Poe's name was no longer upon the registration books of any precinct of the City. The registration books in existence before 1916 lost their legal validity as lists of persons qualified to vote in Baltimore City upon the new general registration of voters of the City in the year 1916. Major Poe's name was not stricken from the registration books at any time during his absence in the military service of the United States subsequent

to the passage of the Act of 1917. Indeed, it was not stricken from the books at all, but the books themselves ceased to be operative upon the new registration, and no person was entitled thereafter to vote unless he registered anew. Moreover, there was no duty imposed by the Act of 1917 by Section 30-B upon the Board of Registry to enter his name upon the new registration books in existence in 1917, or subsequent years for the reason that his name did not appear upon the registration books as last prepared prior thereto, that is to say, his name did not appear upon the registration books for the year 1916.

It was stated in the argument of the case that at the time the Act of 1917 was introduced as a bill in the legislature the authorities considered the advisability of requiring the boards of registry in 1917 and subsequent years to bring forward upon the registration books the names of soldiers and sailors that appeared upon the registration books prior to 1916, but this plan was abandoned as unwise. However this may be, it seems to me beyond dispute that the legislature limited the privilege of automatic registration of soldiers and sailors to those who were duly registered in the year 1916, and that as Major Poe's name was not registered in 1916, the court is without any authority to order the registers to place his name on the registration books at this time. He will, of course, have the opportunity to register after the primary election on the supplemental days of registration prior to the mayoralty election in May of this year.

The constitutional amendment which was adopted by the voters in November, 1918, relating to voting by soldiers and sailors, and the Acts of 1918, Chapter 78, passed to effectuate the constitutional amendment, do not seem to me to have any bearing upon the case. Briefly, they provide for the voting by the qualified voters of the State of Maryland who are absent and engaged in the military or naval service at the time of any election from the ward in which they are entitled to vote, and for the manner in which such absent voters may vote, and for the canvass and return of their votes. Section 229 of

Chapter 78 of the Acts of 1918 provides that whenever possible the existing election laws and the provisions of the Act shall be construed together in such a way as to promote the purpose for which the Act is enacted, to the end that the citizens of the State shall not be deprived of their opportunity to vote because of service for their State or the United States. But the constitutional amendment of the Act in pursuance thereof limits the privilege of voting to absent persons in the military or naval service who are qualified voters, and one is not a qualified voter in this State unless he is a registered voter. Therefore, the Act has no application to the case of Major Poe, who is not a registered voter and cannot be registered prior to the primary election.

It is, of course, a matter of regret to reach the conclusion that one who has served his country is not entitled, for the time being, to exercise the rights of citizenship; but this is a matter within the purview of the legislature, in which the courts have no discretion, and as the lawmaking body has not seen fit to include such a case as the one under consideration it becomes the duty of the court to deny the petition for mandamus.